UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

JETHRO RENE POWERS,

    Defendant/Petitioner.

Case No. 14-20449
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [118]

Jethro Rene Powers was indicted on one count of conspiracy to possess with intent to distribute a controlled substance and one count of felon in possession of a firearm. The charges stemmed from his role in a drug distribution ring. The drug charge carried a statutory mandatory minimum of ten years in prison. But given Powers' prior drug conviction, the Government sought a penalty enhancement that would have increased the mandatory minimum to 20 years. So prior to trial, Powers entered into a Rule 11 plea agreement that eliminated the mandatory 20-year minimum sentence. The Court accepted Powers' plea and sentenced him to ten years in prison.

Now Powers moves to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255. Powers points to four instances of what he says is ineffective assistance of counsel. He asks the Court either to resentence him or vacate his guilty plea, set aside his conviction, and release him from prison.

A hearing on the motion is not necessary because the petition, Rule 11 plea agreement, and transcripts of the change in plea and sentencing hearings "conclusively show that [Powers] is entitled to no relief." 28 U.S.C. § 2255(b). For the reasons that follow, the motion will be DENIED.

# I.

Starting in the summer of 2013 and running into January 2014, Powers, and others, conspired to distribute cocaine. (ECF No. 132, PageID.738.) The distribution ring involved a "stash house" deeded in Powers' name. (ECF No. 132, PageID.738; ECF No.118, PageID.654.) Various individuals, known and unknown to Powers, including co-Defendant Howard Jackson, delivered cocaine to the stash house which Powers (and others) then distributed. (ECF No.132, PageID.738–739; ECF No. 78, PageID.265.) In a period of months, the ring distributed more than five kilograms of cocaine. (*Id.*)

Acting on a tip, agents from the DEA started investigating Powers (who was on federal supervised release for a prior felony drug conviction). (ECF No. 132, PageID.738.) Agents placed surveillance cameras around the stash house and captured at least two different men delivering drugs there. (*Id.*) So, in early 2014, DEA agents executed search warrants on the stash house and Powers' residence. (*Id.*) In Powers' residence they found $115,000 in cash and a gun; in the stash house they found small quantities of drugs and drug paraphernalia. (*Id.*)

Initially, agents arrested Powers for a supervised-release violation. And at the violation hearing, Powers admitted to his involvement in a drug-distribution ring. (ECF No. 110, PageID.467.) Meanwhile, the DEA continued to investigate the distribution ring and identified some of Powers' coconspirators. (ECF No. 132, PageID.739.) A grand jury eventually indicted at least three of them. (ECF Nos. 1, 37.)

Powers was charged with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841, 846(a)(1), and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 37, PageID.103, 107.) Because Powers had a previous conviction for a drug offense, the government added a penalty

enhancement. (ECF No. 39.) Pursuant to 21 U.S.C. § 851(b), the penalty enhancement subjected Powers to a mandatory, 20-year minimum sentence. (*Id.*)

Prior to trial, Powers and the Government entered into a Rule 11 plea agreement. (ECF No. 78.) In exchange for Powers' agreement to plead guilty to the conspiracy charge, the government agreed to drop the § 922(g) charge and the penalty enhancement. (ECF No. 78, PageID.264.) Absent the penalty enhancement, the plea agreement provided for a proposed guideline range of 120–135 months. (ECF No. 78, PageID.266.)

The Rule 11 contained a factual basis for Powers' guilty plea. The factual basis says Powers, "together with others, knowingly and intentionally entered into an agreement to possess, with the intent to distribute, one or more controlled substances . . . ." (*Id.*) Powers admitted he kept a stash house. And he admitted he received and distributed "multi-kilogram" amounts of cocaine from that stash house. (ECF No. 78, PageID.265.)

At the change in plea hearing, the Court questioned Powers—under oath—about the plea agreement. (ECF No. 109, PageID.420.) First, the Court determined that Powers was competent to enter into a guilty plea. (*Id.* at PageID.422.) Next, the Court found Powers understood the charge and its elements, intended to plead guilty to it, understood the rights he was giving up by pleading guilty, and fully understood the consequences of pleading guilty. (*Id.* at PageID.418–419, 424–431, 432.) Finally, Powers said—and the Court found—he was entering the plea of guilty freely and voluntarily. (*Id.* at PageID.442, 444.)

Then Powers explained the factual basis for his plea. He said he "agreed with others to sell five or more kilos of cocaine." (*Id.* at PageID.442.) He started distributing cocaine around August 2013 and continued through January 2014. (*Id.*) And he affirmed that the facts in the Rule 11 plea

agreement, describing the stash house, were all true. (*Id.* at PageID.443.) All told, he affirmed the purpose of his agreement was to possess and distribute at least five kilograms of cocaine. (*Id.*)

Next, Powers' lawyer explained his discussions with Powers about the plea. Powers' lawyer said he "took extra time to literally go over this matter, discuss all the evidence, go through the evidence with my client, read all the pleadings to him, discussed the nature and purposes of a Rule 11 Agreement, as well as Preliminary Order of Forfeiture." (ECF No. 109, PageID.416.) So Powers' lawyer said he believed Powers was "totally comfortable as to the evidence that was against him." (*Id.* at PageID.416.) And the lawyer indicated he met with Powers' family members to explain the situation. (*Id.*) For his part, Powers confirmed he had an opportunity to review and discuss the Rule 11 with counsel prior to signing it. (*Id.* at PageID.418.) And Powers confirmed he had an opportunity to ask his lawyer questions about the agreement and the evidence against him. (*Id.* at PageID.418–419.)

The Court accepted Powers' plea. (ECF No. 109, PageID.445.) Then, a few weeks later, the Court accepted the Rule 11 plea agreement, as well, and sentenced Powers to the statutory mandatory minimum of 120-months imprisonment. (ECF No. 108.)

Because the Court did not sentence Powers to more than 135 months, under the terms of the plea agreement, Powers waived his right to a direct appeal. (ECF No. 109, PageID.435; ECF No. 78, PageID.274.) And he waived his right to appeal his sentence on any grounds. (ECF No. 109, PageID.435.) But he did not waive his right to bring an ineffective-assistance-of-counsel claim by way of a § 2255 motion. (ECF No. 109, PageID.440–441.)

Now he does so, saying his lawyers were ineffective in several ways. (ECF No. 118.)

**II.**

To prevail on a § 2255 motion, "[Powers] must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea . . . ." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). And ineffective-assistance-of-counsel claims are an appropriate basis for relief under § 2255. *See United States v. Caver*, 470 F.3d 220, 250 (6th Cir. 2006). To obtain relief, Powers must show deficient performance on the part of his lawyer, and then show prejudice flowing from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish *Strickland* prejudice "in the context of guilty pleas," Powers must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

In inquiring into any alleged deficient performance and prejudice, "no hearing is required if [Powers'] allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation omitted). And "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

**III.**

Powers urges the court to vacate his sentence because he says he received ineffective assistance of counsel prior to, and after, the plea hearing. The Court disagrees. Powers' representations at the plea hearing contradict his current claims. So Powers' motion does not warrant any change to his sentence.

5

## A.

Powers had three lawyers: Marvin Barnett, Danien Woodson, and Alvin Sallen. And he says all of them provided ineffective assistance at some point. About the first two, he says they never went over the case with him and provided conflicting advice: Barnett advised Powers to go to trial, but Woodson urged him to plead guilty. (ECF No. 118, PageID.656–657.) But these lawyers withdrew, and new counsel was appointed to represent Powers, three months prior to the guilty plea. (ECF No. 72.)

As for this third lawyer, Powers now says Sallen coerced him into a guilty plea, "rather than advocating several viable defenses." (ECF No. 118, PageID.662.) Powers says he only took the plea because Sallen said his coconspirators would testify against him. Yet Powers insists he never met his coconspirators, and thus their testimony could not have helped the government establish the elements of a conspiracy. So, says Powers, Sallen misadvised him into signing an illusory plea, and Sallen effectively joined the government instead of mounting a defense—creating a conflict of interest. (ECF No. 118, PageID.673–674.)

But at the plea hearing, Powers never mentioned any of this. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). And Sallen started the plea hearing by saying "I've had occasion to meet him a number of times and I find him to be a very pleasant man." (ECF No. 109, PageID.415.) Even more, Sallen acknowledged Powers' difficulties with his other lawyers, saying "because of the prior history of this case," he took extra care to explain the evidence, all the pleadings, the plea agreement, and the forfeiture agreement. (ECF No. 109, PageID.416.) Part of Sallen's extra care included speaking with Powers' family members about the plea. (*Id.* at PageID.416.) Sallen said he went over the plea agreement "numerous times" and believed Powers understood its terms. (*Id.* at PageID.432–433.)

Confirming as much, Powers said he understood the conspiracy charge, its elements, and what the government needed to prove beyond a reasonable doubt to secure a conviction at trial. (*Id.* at PageID.431–432.) Then Powers said he had an opportunity to discuss his plea agreement with Sallen and ask all the questions to which he needed answers. (*Id.* at PageID.433.) As a result, Powers said he understood all the terms and promises contained in the Rule 11. (*Id.* at PageID. 434–436.) And Powers said he signed the Rule 11 freely and voluntarily, without any force or duress, because he was guilty of a conspiracy to possess a controlled substance with an intent to distribute. (*Id.* at PageID.441–442.)

Then Powers admitted the facts that led him to believe he was guilty of a conspiracy. (*Id.*) Conspiracy requires only that the government prove an "agreement to violate the drug laws" and that Powers "knew of and voluntarily joined in the conspiracy." *United States v. Price*, 258 F.3d 539, 544 (6th Cir. 2001). It does not require the government to prove Powers personally knew the identities of the "others" involved in the drug conspiracy. *Price*, 258 F.3d at 545; *United States v. Maliszewski*, 161 F.3d 992, 1014 (6th Cir. 1998). So when Powers said on the record that he "agreed with others to sell five or more kilos of cocaine" (ECF No. 109, PageID.442), that admission, standing alone, satisfied both elements, *see Price*, 258 F.3d at 544. Bolstering his admission, he added that the purpose of his agreement was to possess with the intent to distribute five kilograms or more of cocaine. (*Id.*) Plus, Powers admitted to the facts spelled out in the Rule 11. (ECF No. 109, PageID.443.) And the Rule 11 identified the stash house to which Powers' coconspirators delivered cocaine, and from which Powers dealt it. (ECF No. 78, PageID.265.) So even though Powers' § 2255 motion tells a different story, the facts he admitted carry a "presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Powers admitted facts sufficient to establish his guilt.

All of the above led the Court to conclude that Powers grasped the benefit of his bargain. Powers explained his guilt and, in so doing, knew "what is at stake, both in terms of the benefits and risks of proceeding to trial and proceeding under the Rule 11 Plea Agreement." Accepting the deal avoided a penalty enhancement exposing him to a minimum, 240-month sentence. (ECF No. 108, PageID.435–436.) In exchange, he could expect a sentence in the range of 120 to 135 months. And in taking the deal, the Court found no "indication of any undisclosed promises that are motivating his decision [to plead guilty]." (*Id.* at PageID.444.) Nor was there "any indication of threats or coercion." (*Id.*) And Powers did not disagree.

In sum, the record undercuts Powers' claim that he was coerced into pleading guilty. Likewise, there is no basis to find defense counsel misadvised Powers or had any conflict of interest. To the extent Powers claims he received ineffective assistance of counsel prior to taking the plea, his claims fail.

**B.**

Powers also says that Sallen provided ineffective assistance at sentencing. Powers says Sallen did a poor job objecting to one enhancement (possession of a firearm) and should have objected to another (maintaining a stash house). (ECF No. 118, PageID.676–679; ECF No. 110, PageID.453.)

As for the stash house enhancement, *see* U.S. Sentencing Guidelines Manual § 2D1.1(b)(12), Powers is bound by the terms of his plea agreement. And as part of the plea agreement, Powers stipulated to the enhancement. (ECF No. 78, PageID.266, 278.) Plus, he admitted to using a stash house. (ECF No. 78, PageID.265; ECF No. 109, PageID.443.) So Sallen had no basis to object to the enhancement, and thus was not deficient for opting not to. *See Alder v. Burt*, 240 F. Supp. 2d 651, 670 (E.D. Mich. 2003).

8

As for the firearm enhancement, *see* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), Sallen did object. Although the Court overruled the objection, the Court stated that the enhancement would not affect Powers' sentence. If the Court accepted the "C plea" in the Rule 11 plea agreement, the sentence was capped at 135 months, and the lowest floor was always the statutory mandatory minimum of 120 months. Even more, the Court recognized that the firearm enhancement was not part of the Rule 11 plea agreement, which provided a guideline range of 120 to 135 months. (ECF No. 110, PageID.458.) In other words, with or without this enhancement, if the Court accepted the Rule 11 plea agreement, it could not sentence Powers to less than 120 months or more than 135 months. And the Court sentenced Powers to the low end of that guideline range. So the enhancement did not alter the benefit Powers got from his bargain. So, even assuming Sallen could have made a better argument, overruling the objection did not prejudice Powers.

**IV.**

At bottom, Powers has not provided any reason to vacate, correct, or set aside his sentence. So his § 2255 motion (ECF No. 118) is DENIED.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

Date: October 29, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, October 29, 2018, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager