UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JETHRO RENE POWERS,<br><br>    Defendant. | Case No. 14-cr-20449<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [172]**

Jethro Powers asked the Court to grant him compassionate release from prison because he argued that his obesity and high blood pressure made him particularly vulnerable to COVID-19. The Court found that Powers' medical conditions, combined with the fact that he had contracted COVID-19 but was asymptomatic, did not constitute an extraordinary and compelling reason justifying release after serving only one-third of his sentence. (ECF No. 171.) Powers now alleges the Court's reading of the eligibility criteria for compassionate release constitutes a palpable defect which should lead the Court to reconsider its prior order and grant Powers compassionate release. (ECF No. 172.)

Local Rule 7.1 permits a party to move for "rehearing or reconsideration . . . within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). The moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

In its order denying compassionate release, the Court analyzed whether Powers' conditions combined with the coronavirus pandemic constituted an extraordinary and compelling circumstance under the catchall provision in subsection (D) of the Application Note 1(A) to § 1B1.13 of the Sentencing Guidelines. (ECF No. 171, PageID.1178–1179.) Powers argues that the Court should have instead considered his eligibility for relief under subsection (A). He argues that he can meet the definition of extraordinary and compelling reasons under subsection (A) because he has "a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover." (ECF No. 172, PageID.1187.) The Court analyzed Powers' conditions under subsection (D) because it did not believe his conditions met the criteria of any of the other subsections.

For the reasons stated in its opinion and order, and especially upon review of Powers' medical records, the Court finds no reason to believe that Powers' weight and high blood pressure substantially diminish his ability to provide self-care within the prison or are conditions from which he is not expected to recover.

Although Powers has been classified as obese, he appears to otherwise be in good health. Until filing his motion for compassionate release, Powers had not reported any health problems and only visited the doctor for routine medical examinations and COVID testing. (ECF No. 162, PageID.1049–1050.) And prior to the pandemic, Powers apparently maintained a regular fitness routine, including frequent enrollment in fitness classes. (*Id.* at PageID.1050–1051.) Although Powers was diagnosed with hypertension based on high blood pressure readings during a single appointment shortly before the Court's order, he has been prescribed medication to manage the elevated blood pressure. (ECF No. 170-1, PageID.1168.)

More specifically, not long ago, on August 7, 2020, Powers was seen by health services because he thought his blood pressure was high. (ECF No. 170-1, PageID.1171.) Powers also reported that he "had been eating a lot from the commissary lately." (*Id*.) His blood pressure readings were high during that visit. (*Id*.) In addition to being put on medication, Powers was advised to lower his sodium intake and to lose weight. (*Id*.) There is nothing in the records to suggest that, even without taking those steps, Powers was unable to care for himself in any way. Indeed, the medical record further described Powers as appearing "well, alert and oriented." (*Id*. at PageID.1172.) It also seems reasonable that if Powers did lower his weight and sodium intake, he could lower his blood pressure (and obviously improve his obesity).

So Powers has not presented any evidence that his medical conditions diminish his ability to provide self-care or are conditions from which he is not expected to recover. *See, e.g.*, *United States v. Fata*, No. 13-CR-20600, 2020 WL 3888043, at *5 (E.D. Mich. July 10, 2020) (finding that well controlled Type-2 Diabetes did not substantially diminish defendant's ability to provide self-care); *United States v. Terry*, No. 11-20752, 2020 WL 4581691, at *4 (E.D. Mich. Aug. 10, 2020) (finding that hypertension was not considered a serious condition that substantially diminished defendant's ability to provide self-care or and from which he was not expected to recover); *United States v. Schamante*, No. 13-CR-20764, 2020 WL 4366066, at *4 (E.D. Mich. July 30, 2020) ("[W]hile morbid obesity is properly considered a risk factor if [the defendant] was to contract COVID-19, in this case it does not constitute an 'extraordinary and compelling reason' warranting a reduction in sentence, given [the defendant's] ability to act without any need of assistance in the prison, and participate in prison activities until the recent lockdown."); *United States v. Santos*, No. 18-CR-20719-3, 2020 WL 5095527, at *4 (E.D. Mich. Aug. 28, 2020) (finding that "even if Defendant's conditions put him at an elevated risk of contracting COVID-

19 or experiencing symptoms therefrom," the defendant's well-managed hypertension did not qualify as a condition that substantially diminishes his ability to provide self-care).

Because Powers has not demonstrated a palpable defect in the Court's order which would result in a different disposition, the motion for reconsideration (ECF No. 172) is DENIED.

SO ORDERED.

Dated: September 24, 2020

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE